19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas A. WIDENER, Defendant-Appellant.
 No. 93-2059.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Nicholas Widener pleaded guilty to growing, manufacturing, and distributing marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court sentenced him to a term of imprisonment of 76 months followed by a five year term of supervised release. His partner in crime, Michael Italiano, pleaded guilty to charges in the state court of Wisconsin and was sentenced to concurrent two and five year terms of probation, concurrent with ninety days in the Milwaukee County Jail and 300 hours of community service as a condition of probation. Italiano was never indicted in federal court. On appeal, Widener objects to his federal prosecution and sentencing on equal protection grounds. He contends that the disparate sentences he and Italiano received resulted from the prosecutor's arbitrary decision to charge one of them in state court and the other in federal court. We affirm.
 
 
 2
 Although the federal government retains broad discretion as to whom it may prosecute, its decision may not be "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification" or be undertaken in retaliation for the exercise of a statutory or constitutional right. Wayte v. United States, 470 U.S. 598, 607-608 (1985) (citations omitted). Widener has not provided any evidence to suggest that the decision to prosecute him and not Italiano was motivated by an invalid purpose. Id.
 
 
 3
 It is undisputed that both Wisconsin and the federal government had jurisdiction over the drug offenses committed by Widener. Thus, Widener could have been prosecuted by Wisconsin, by the federal government, by both sovereigns or not at all. Abbate v. United States, 359 U.S. 187, 194 (1959). Neither the initial introduction of charges in state court, United States v. Dickerson, 975 F.2d 1245, 1252 (7th Cir.1992), cert. denied, 113 S.Ct. 1316 (1993), nor the exposure to a harsher sentence in federal court provides sufficient basis for Widener's claim. United States v. Goodapple, 958 F.2d 1402, 1410 (7th Cir.1992).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record